UNITED STATES OF AMERICA

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 3:23-CR-00013-01 |
| | * | CIVIL NO. 25-CV-01053 |
| | * | |
| VERSUS | * | JUDGE DOUGHTY |
| | * | |
| | * | |
| LANEYTHON T. IGNONT | * | MAGISTRATE JUDGE MCCLUSKY |

**MOTION BY THE UNITED STATES FOR**
**ORDER FINDING WAIVER OF ATTORNEY-CLIENT PRIVILEGE**

NOW INTO COURT, through undersigned Assistant United States Attorney, comes the UNITED STATES OF AMERICA, who respectfully requests that the Court issue an Order: 1) providing that defendant waived the attorney-client privilege with respect to the claims of ineffective assistance of counsel he raised in the § 2255 motion; 2) authorizing Michael Todd to disclose to the government and to the Court all communications between him and the defendant concerning the events and facts related to the defendant's claims of ineffective assistance of counsel.

As grounds for this request, the United States submits the following:

The defendant filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 in which he made allegations concerning his attorney. Although the United States maintains that an Order from the Court is not necessary because the defendant has waived the attorney-client privilege by challenging the constitutional adequacy of the representation by counsel, the government hereby seeks an Order

providing that the defendant has waived the attorney-client privilege with respect to all the ineffective assistance of counsel claims raised by the defendant in his post-conviction motion.

It is well settled that a defendant waives his attorney-client privilege by filing a motion to vacate a conviction based on ineffective assistance of counsel. *United States v. Ballard*, 779 F.2d 287, 292 (5th Cir. 1986) (holding that an attorney may reveal otherwise privileged communications from his client to address charges of improper conduct without violating either the ethical rules of confidentiality or attorney-client privilege); *Laughner v. United States*, 373 F.2d 326, 327 (5th Cir. 1967) ("[W]here, as here, the client alleges a breach of duty to him by the attorney, we have not the slightest scruple about deciding that he thereby waives the privilege as to all communications relevant to that issue."); *United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) ("When a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with this attorney necessary to prove or disprove his claim."). The defendant has waived his privilege as to the communications with his attorneys that are the subject of the § 2255 motion. Thus, the relevant communications should be made available to the government.

WHEREFORE, the United States respectfully requests that this Court issue an Order: 1) providing that defendant waived the attorney-client privilege with respect to the claims of ineffective assistance of counsel that he raised in the § 2255 motion; 2) authorizing Michae Todd to disclose to the government and to the Court

all communications with the defendant concerning the events and facts which relate to the defendant's claims of ineffective assistance of counsel.

        Respectfully submitted,

        ALEXANDER C. VAN HOOK
        Acting United States Attorney

BY:   *s/ Cristina Walker*
        CRISTINA WALKER (#8497)
        Assistant United States Attorney
        300 Fannin Street, Suite 3201
        Shreveport, LA 71101
        (318) 676-3600

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Motion by the United States for Order Finding Waiver of Attorney-Client Privilege and proposed Order were filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to the *pro se* defendant by placing a copy of same in the United States Mail as follows:

    Laneython T Ignont
    35926-510
    F C I - Yazoo City Medium
    P O Box 5000
    Yazoo City, MS 39194

Shreveport, Louisiana, this the 30th day of July, 2025.

                Respectfully submitted,

                ALEXANDER C. VAN HOOK
                Acting United States Attorney

BY: *s/ Cristina Walker*
                CRISTINA WALKER (#8497)
                Assistant United States Attorney
                300 Fannin Street, Suite 3201
                Shreveport, LA 71101
                (318) 676-3600