# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

**UNITED STATES OF AMERICA**   **CASE NO.  3:23-CR-00013-01**

**VERSUS**        **JUDGE TERRY A. DOUGHTY**

**LANEYTHON T IGNONT (01)**   **MAG. JUDGE KAYLA D. MCCLUSKY**

### ORDER

Before the Court is a Motion for an Order Finding Waiver of Attorney-Client Privilege [Doc. No. 302] filed by the United States of America ("The Government"). Defendant, Laneython Ignont Lightfoot ("Ignont"), previously filed a Motion to Amend Defendant's Prior 28 U.S.C. §2255 Motion to Vacate [Doc. No. 299]. The Government seeks an Order providing that Ignont has waived the attorney-client privilege with respect to all the ineffective assistance of counsel claims raised in Ignont's post-conviction motions.

A defendant waives his attorney-client privilege by filing a motion to vacate a conviction based on ineffective assistance of counsel. *United States v. Ballard*, 779 F.2d 287, 292 (5th Cir. 1986) (holding that an attorney may reveal otherwise privileged communications from his client to address charges of improper conduct without violating either the ethical rules of confidentiality or attorney-client privilege). The rationale is straightforward: "when a habeas petitioner claims that he received ineffective assistance of counsel, he puts communications between himself and his attorney directly in issue, and thus by implication waives the attorney-client privilege with respect to those communications." *United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) (cleaned up).

**IT IS ORDERED** that the Motion is **GRANTED**, and Michael Todd is hereby ordered to disclose to the Government and to the Court all communications with Defendant concerning the events and facts related to the Defendant's claim of ineffective assistance of counsel.

MONROE, LOUISIANA, this 31st day of July, 2025.

Terry A. Doughty
United States District Judge