UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:23-CR-00013** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **LANEYTHON T IGNONT** | **MAGISTRATE JUDGE HAYES** |

### ORDER

Before the Court is a *pro se* Motion to Vacate under 28 U.S.C. § 2255 [Doc. No. 299] and a Motion for Extension of Time to File an Amended § 2255 Motion [Doc. No. 309] filed by Laneython Ignont ("Ignont"). The United States of America ("the Government") filed a Response both Motions [Doc. Nos. 307, 313]. No replies were filed.

### I. FACTS

The defendant was involved in distributing methamphetamine in the Monroe area. When officers searched his residence, they found methamphetamine and firearms.[1] On May 16, 2024, pursuant to a written plea agreement, the defendant pleaded guilty to counts one and six of a superseding indictment, charging him, respectively, with conspiracy to possess with intent to distribute methamphetamine and possession of a firearm during a drug trafficking offense.[2] On November 18, 2024, the defendant was sentenced to 300 months as to count one and 60 months as to count six to run consecutively with the sentence imposed on count one.[3] The judgment was

---

[1] [Doc. No. 299-2].
[2] [Doc. Nos. 197, 199].
[3] [Doc. Nos. 282, 284].

entered on November 20, 2024.[4] The defendant timely filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 on July 21, 2025.[5]

## II. LAW AND ANALYSIS

### a. Statute of Limitations

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255. The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 522, 532 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir.2000) (per curiam).

Judgment was entered as to Ignont on November 18, 2024. The period of time to file a notice of appeal from the judgment against him expired fourteen days later. Fed. R. App. P. 4(b). His conviction became final when the time for filing an appeal expired. In this case, Ignont did not appeal. The period for filing a motion pursuant to 28 U.S.C. § 2255 expired a year after that date when the time for filing the appeal expired. Ignont file his § 2255 motion on July 2, 2025. So, his § 2255 is timely.

### b. Ineffective assistance of counsel

"[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000). Moreover, a *pro se* movant need not state the

---

[4] [Doc. No. 284].
[5] [Doc. No. 299].

grounds on which he would have appealed, had the opportunity not been denied. *Rodriguez v. United States*, 395 U.S. 327, 330 (1969).

In this case, the government agrees with Ignont that he is entitled to an out-of-time appeal. Specifically, in its response, the government concedes that "the defendant is entitled to relief. His attorney failed to file a notice of appeal as requested by the defendant."[6]

The proper course of action to remedy the ineffective assistance of counsel is to dismiss Ignont's § 2255 motion without prejudice and to reinstate the criminal judgment to trigger anew the period for Ignont to file an appeal. *See United States v. West*, 240 F.3d 456, 459-460 (5th Cir.2001) (holding that "when leave to file an out-of-time appeal is granted, the district court should reinstate the criminal judgment to trigger the running of a new Rule 4(b) appeal period" and clarifying that "part of the procedure for granting an out-of-time direct criminal appeal is dismissing the § 2255 motion without prejudice") (emphasis in original); *see also United States v. Joubert*, 273 F.3d 1099, 1099 (5th Cir.2001) (unpublished) (vacating the district court's grant of § 2255 relief and remanding with instructions for district court to dismiss the § 2255 motion without prejudice and to re-enter its sentencing judgment so that the defendant could pursue an out-of-time appeal).

Following the foregoing authority Ignont's § 2255 Motion [Doc. No. 299] is hereby **DISMISSED WITHOUT PREJUDICE**. Additionally, the Clerk shall reinstate Ignont's criminal judgment [Doc. No. 284] so that he may proceed with an

---

[6] The Government stated that it requested a declaration from Ignont's attorney but as of September 23, 2025, no declaration has been received.

out-of-time appeal. Ignont shall file his notice of appeal not later than fourteen days after the re-entry of his criminal judgment. Fed. R. App. P. 4(b)(1)(A)(i).

As to any other grounds for relief raised in Ignont's § 2255 Motion, it is unnecessary for the Court to address them at this time. Because Ignont is being permitted to file an out-of-time direct appeal, it will be unnecessary to address his remaining claims until after the resolution of his direct appeal. *United States v. Ortega*, 859 F.2d 327, 334 (5th Cir.1988) ("[a] motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot"); *see also Jones v. United States*, 453 F.2d 351, 352 (5th Cir.1972) (where direct criminal appeal is pending, defendant is not entitled to consideration on the merits of his § 2255 motion).

### III. CONCLUSION

For the above-stated reasons,

**IT IS ORDERED** that Ignont's Motion under 28 U.S.C. § 2255 [Doc. No. 299] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk of Court reinstate Ignont's criminal judgment [Doc. No. 284], so that he may proceed with an out-of-time direct appeal. *Ignont shall file his notice of appeal not later than fourteen days after the entry of his criminal judgment.*

**IT IS FURTHER ORDERED** that Ignont's Motion for Extension of Time to File Amended § 2255 [Doc. No. 309] is **DENIED AS MOOT** for the reasons set forth in this Order.

**IT IS FURTHER ORDERED** that the Federal Public Defender Office appoint counsel from the CJA Panel to represent Ignont in this matter.

MONROE, LOUISIANA, this 24th day of September, 2025.

_____
Terry A. Doughty
United States District Judge